IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IRIKA SKEETE and ALLISON BAIRD, | ) | |
| Plaintiffs, | ) | No. 3:16-cv-0043 |
| | ) | |
| v. | ) | District Judge Todd Campbell |
| | ) | |
| REPUBLIC SCHOOLS NASHVILLE, | ) | Magistrate Judge Joe Brown |
| | ) | |
| Defendant. | ) | JURY DEMAND |
| | ) | |

**REPUBLIC SCHOOLS NASHVILLE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant RePublic Schools Nashville ("RePublic"), as and for its answer to the First Amended Complaint (the "Complaint"), herein states as follows:

1. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, on that basis, denies such allegations.

2. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, on that basis, denies such allegations.

3. RePublic admits the allegations contained in Paragraph 3, but notes that it is a nonprofit corporation.

4. The allegations contained in Paragraph 4 recite the claims brought by Plaintiffs and the putative class in this action and therefore require no response. RePublic denies that it violated the Telephone Consumer Protection Act ("TCPA") and that Plaintiffs are entitled to any relief. RePublic denies that any class should be certified in this matter. RePublic hereby incorporates this denial in response to similar references to a class throughout the Complaint.

5. RePublic is without knowledge or information sufficient to form a belief as to the

1

truth of the allegation contained in Paragraph 5 that Plaintiffs reside in the Middle District of Tennessee and, on that basis, denies that allegation. RePublic admits the remainder of the allegations contained in Paragraph 5.

6. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, on that basis, denies such allegations.

7. RePublic admits the allegations contained in Paragraph 7.

8. RePublic denies the allegations contained in Paragraph 8.

9. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, on that basis, denies such allegations.

10. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, on that basis, denies such allegations.

11. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, on that basis, denies such allegations.

12. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, on that basis, denies such allegations.

13. RePublic denies the allegations contained in Paragraph 13.

14. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, on that basis, denies such allegations.

15. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, on that basis, denies such allegations.

16. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, on that basis, denies such allegations.

17. RePublic is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 17 and, on that basis, denies such allegations.

18. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, on that basis, denies such allegations.

19. RePublic denies the allegations contained in Paragraph 19.

20. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, on that basis, denies such allegations.

21. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, on that basis, denies such allegations.

22. RePublic admits that CallMultipler.com is a commercially-available service that purports to be capable of sending text messages to recipients on an uploaded contact list, but denies the remainder of the allegations contained in Paragraph 22.

23. RePublic admits that, between August 17, 2015, and January 14, 2016, it directed that text messages be sent to the telephone numbers of consenting parents to make parents aware that their children were eligible to enroll in its schools, but RePublic is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 23 and, on that basis, denies such allegations.

24. RePublic denies the allegations contained in Paragraph 24.

25. RePublic denies the allegations contained in Paragraph 25.

26. The allegations contained in Paragraph 26 recite the relief Plaintiffs and the putative class seek in this action and therefore require no response. RePublic denies that it engaged in unlawful conduct and denies that Plaintiffs are entitled to any relief from RePublic. RePublic denies that it engaged in "willful or knowing conduct" within the meaning of any statute.

27. The allegations contained in Paragraph 27 purportedly recite the purpose of statutory provisions and therefore require no response.

28. The allegations contained in Paragraph 28 constitute Plaintiffs' interpretation of a statutory provision and its "promulgating regulations," and therefore require no response. To the extent a response is required, the allegations contained in Paragraph 28 are denied.

29. The allegations contained in Paragraph 29 constitute Plaintiffs' interpretation of a statutory provision and therefore require no response. To the extent a response is required, RePublic admits that the three elements listed in Paragraph 29 constitute the elements of a claim brought pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

30. The allegations contained in Paragraph 30 purportedly recite a statutory provision and therefore require no response.

31. The allegations contained in Paragraph 31 constitute Plaintiffs' interpretation of a statutory provision and therefore require no response. To the extent a response is required, the allegations contained in Paragraph 31 are denied.

32. The allegations contained in Paragraph 32 constitute Plaintiffs' interpretation of a statutory provision and its "promulgating regulations," and therefore require no response. To the extent a response is required, the allegations contained in Paragraph 32 are denied.

33. The allegations contained in Paragraph 33 constitute Plaintiffs' recitation and interpretation of a statutory provision and regulations and therefore require no response. To the extent a response is required, the allegations contained in Paragraph 33 are denied.

34. The allegations contained in Paragraph 34 constitute Plaintiffs' recitation and interpretation of a statutory provision and regulations, and therefore require no response. To the extent a response is required, the allegations contained in Paragraph 34 are denied.

35. The allegations contained in Paragraph 35 constitute Plaintiffs' interpretation of a statutory provision and regulations, and therefore require no response. To the extent a response is required, the allegations contained in Paragraph 35 are denied.

36. RePublic admits that it contacted CallMultiplier.com on or about August 17, 2015, for the purpose of using CallMultiplier.com's service to send text messages to recipients on an uploaded contact list, but denies the remainder of the allegations contained in Paragraph 36.

37. RePublic admits that it directed that text messages be sent to the telephone numbers of consenting parents to make parents aware that their children were eligible to enroll in its schools, but denies the remainder of the allegations contained in Paragraph 37.

38. RePublic admits that it directed that CallMultiplier.com send text messages to the telephone numbers of consenting parents to make parents aware that their children were eligible to enroll in its schools, but denies the remainder of the allegations contained in Paragraph 38.

39. RePublic admits the allegations contained in Paragraph 39.

40. RePublic admits that, between August 17, 2015, and January 14, 2016, it directed that text messages be sent to the telephone numbers of consenting parents to make parents aware that their children were eligible to enroll in its schools, but RePublic is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 40 and, on that basis, denies such allegations.

41. RePublic denies the allegations contained in Paragraph 41.

42. RePublic denies the allegations contained in Paragraph 42.

43. RePublic denies the allegations contained in Paragraph 43.

44. RePublic is without knowledge or information sufficient to form a belief as to the

5

truth of the allegations contained in the first sentence of Paragraph 44 and, on that basis, denies such allegations. RePublic denies the allegations contained in the second sentence of Paragraph 44.

45. RePublic denies the allegations contained in Paragraph 45.

46. The allegations contained in Paragraph 46 purportedly recite a statutory provision and therefore require no response.

47. RePublic denies the allegations contained in the first sentence of Paragraph 47. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 47 and, on that basis, denies such allegations.

48. RePublic denies the allegations contained in Paragraph 48.

49. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, on that basis, denies such allegations.

50. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, on that basis, denies such allegations.

51. RePublic denies the allegations contained in Paragraph 51.

52. RePublic denies the allegations contained in Paragraph 52.

53. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, on that basis, denies such allegations. RePublic denies that it acted "willfully or knowingly" within the meaning of any statute.

54. RePublic denies the allegations contained in Paragraph 54.

55. RePublic denies the allegations contained in Paragraph 55.

56. The allegations contained in Paragraph 56 recite the claim brought by Plaintiffs

6

and therefore require no response. RePublic denies that it violated 47 U.S.C. § 227.

57. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, on that basis, denies such allegations.

58. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, on that basis, denies such allegations.

59. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and, on that basis, denies such allegations.

60. RePublic denies the allegations contained in the first two sentences of Paragraph 60. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of Paragraph 60 and, on that basis, denies such allegations.

61. RePublic denies the allegations contained in Paragraph 61.

62. RePublic denies the allegations contained in Paragraph 62.

63. RePublic denies the allegations contained in the first sentence of Paragraph 63. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 63 and, on that basis, denies such allegations.

64. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, on that basis, denies such allegations.

65. RePublic denies the allegations contained in Paragraph 65.

66. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, on that basis, denies such allegations.

67. RePublic incorporates by reference its responses to the Paragraphs above.

68. RePublic denies the allegations contained in Paragraph 68.

69. RePublic denies the allegations contained in Paragraph 69.

70. RePublic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, on that basis, denies such allegations.

71. RePublic denies the allegations contained in Paragraph 71.

72. RePublic denies the allegations contained in Paragraph 72.

73. The allegations contained in Paragraph 73 purportedly describe a statutory provision and therefore require no response. RePublic denies that it willfully or knowingly violated any statutory provision.

Republic denies that Plaintiffs are entitled to the recovery requested in the prayer for relief or to any recovery from RePublic.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it might not otherwise bear, RePublic asserts the following additional defenses:

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs lack standing to sue under Article III of the United States Constitution because Plaintiffs have not suffered an actual injury.

3. RePublic's conduct at issue in this case is protected by the First Amendment to the United States Constitution and/or the statutory provision under which Plaintiffs bring their claim is invalidated by the First Amendment to the United States Constitution.

4. The damages sought by Plaintiffs from RePublic would constitute a grossly excessive punishment in violation of the Fifth Amendment to the United States Constitution.

5. RePublic reserves the right to present additional affirmative defenses as discovery proceeds.

WHEREFORE, RePublic respectfully requests that judgment be entered in its favor and against Plaintiffs, that it be awarded its costs and fees incurred herein, and that the Court grant such further relief as is just, proper, and necessary.

Dated: June 30, 2016

                                                    Respectfully submitted,

                                                  /s/ David R. Esquivel
                                                  David R. Esquivel
                                                  Clark D. Milner
                                                  BASS, BERRY & SIMS PLC
                                                  150 Third Avenue South, Suite 2800
                                                  Nashville, TN 37201
                                                  (615) 742-6200
                                                  desquivel@bassberry.com
                                                  cmilner@bassberry.com

                                                  *Counsel for RePublic Schools Nashville*

# **CERTIFICATE OF SERVICE**

  I hereby certify that on this 30th day of June, 2016, a true and exact copy of the foregoing has been served on the following via the Court's electronic filing system:

Joe P. Leniski, Jr.
J. Gerard Stranch, IV
Branstetter, Stranch & Jennings, PLLC
The Freedom Center
223 Rosa Parks Avenue, Suite 200
Nashville, Tennessee 37203

*Counsel for Plaintiff*

                     /s/ David R. Esquivel