# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IRIKA SKEETE and ALLISON BAIRD, on behalf of themselves and all other entities and persons similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 3:16-cv-0043 |
| v. | ) ) | District Judge Waverly Crenshaw |
| REPUBLIC SCHOOLS NASHVILLE, | ) ) | Magistrate Judge Joe Brown |
| Defendant. | ) ) ) | |

**[PROPOSED] ORDER (1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (2) APPROVING NOTICE PLAN, AND (3) SETTING FINAL APPROVAL HEARING**

This matter came before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement (the "Settlement") of the case entitled *Irika Skeete, et al. v. RePublic Schools Nashville*, United States District Court for the Middle District of Tennessee, Case No. 3:16-cv-0043 (the "Action"). The Action was brought by Plaintiffs Irika Skeete and Allison Baird ("Plaintiffs"), individually and on behalf of all others similarly situated against Defendant RePublic Schools Nashville ("RePublic") (Plaintiffs and RePublic are collectively referred to herein as the "Parties"). Based on this Court's review of the Parties' _____ , 2017 Settlement Agreement (the "Settlement Agreement"), Plaintiffs' Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS BASED ON GOOD CAUSE SHOWN:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

1

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3. <u>Scope of Settlement</u>. The Settlement Agreement resolves all claims alleged in the Class Action Complaint filed in the United States District Court for the Middle District of Tennessee on January 15, 2016, and as amended on June 10, 2016. *See* ECF No. 1, 35.

4. <u>Preliminary Approval of Proposed Settlement Agreement</u>. The Court has conducted a preliminary evaluation of the proposed settlement as set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that: (a) the proposed Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval; (b) the Settlement Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case aided by an experienced and neutral third-party mediator; and (c) with respect to the forms of notice of the material terms of the Settlement Agreement to persons in the Settlement Class for their consideration and reaction (**Exhibit B** to the Settlement Agreement), that notice is appropriate and reasonable. Therefore, the Court grants preliminary approval of the Settlement, as follows:

5. <u>Class Definition</u>. The Court, pursuant to Rule 23(a), 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, has previously certified the following Class:

> All individuals in the United States who were sent a text to their cellular telephone by RePublic Schools Nashville ("RePublic") from the number (615) 270-4554 during the time period of August 17, 2015 through January 15, 2016, and whose cellular phone number was obtained by RePublic from the Metropolitan Nashville Public Schools database.
>
> Excluded from the Class are RePublic, and any affiliate, subsidiary or division of RePublic, along with any employees thereof, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt-out of the Class.

6. <u>Class Representatives</u>. The Court has previously appointed Plaintiffs to act as representatives of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. <u>Class Counsel</u>. The Court has previously appointed the following as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure:

J. Gerard Stranch, IV
Joe P. Leniski, Jr.
Anthony Orlandi
BRANSTETTER, STRANCH & JENNINGS
The Freedom Center
223 Rosa Parks Av, Ste. 220
Nashville, TN 37203


8. <u>Final Approval Hearing</u>. At _____ a.m. on _____, in the United States Courthouse, 801 Broadway, Nashville, TN 37203, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and to determine whether (a) final approval of the settlement embodied by the Settlement Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and incentive awards to Plaintiffs should be granted, and in what amount. No later than thirty (30) days before the Final Approval Hearing, Plaintiffs must file papers in support of Class Counsel's application for attorneys' fees and expenses and the incentive awards to the Plaintiffs. No later than fourteen (14) days prior to the Final Approval Hearing, Plaintiffs must file papers in support of final approval of the Settlement and respond to any written objections. RePublic may (but is not required to) file papers in support of final approval of the Settlement, so long as it does so no later than fourteen (14) days prior to the Final Approval Hearing.

9. <u>Settlement Claims Administrator</u>. [Insert] is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

10. <u>Class Notice</u>. The Court approves the proposed plan for giving notice to the Settlement Class directly (using direct mail) and through publication via establishment of a Settlement Website, as more fully described in Plaintiffs' Motion ("Notice Plan"). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than _____ ("Settlement Notice Date").

11. <u>Filing Proof of</u> Notice. The Claims Administrator will file with the Court by no later than _____, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

12. <u>Objection and Opt-Out Deadline</u>. Persons in the Settlement Class who wish to either object to the Settlement or request to opt-out/exclude themselves must do so by _____, which is the first business date sixty (60) calendar days after the Settlement Notice Date. Persons in the Settlement Class may not both object and opt-out/exclude themselves from the proposed settlement. If a person both requests to opt-out/exclude and objects, the request to opt-out/exclude will control.

13. <u>Opt-Out/Exclusion from the Settlement Class</u>. Persons in the Settlement Class may opt-out/exclude themselves from this settlement by submitting a written request containing all of the information described in this section, in the Settlement Agreement, and on the Class Notice to the Claims Administrator. Such request may be made by mail or fax. To be valid, opt-out

4

requests must be sent to the Claims Administrator not later than sixty (60) days following the date of dissemination of the Class Notice. Exclusion requests must: (a) be signed; (b) include the full name, address, and cellular telephone number of the person(s) requesting exclusion; and (c) include the following statement: "I/we request to be excluded from the class settlement in <u>Irika Skeete v. RePublic Schools Nashville</u>, Case No. 3:16-CV-0043." No exclusion request will be considered unless all of the information described above is included. A request to be excluded that is sent by means other than that as designated in the notice, or that is not timely received by the Claims Administrator, shall be invalid. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may opt-out/exclude any other person in the Settlement Class from the Settlement Class.

14. <u>Filing Opt-Out</u> Requests. The Claims Administrator will retain a copy of all opt-out requests. Not later than ten (10) days before the Final Approval Hearing, the Claims Administrator will file under seal with the Court a declaration that lists all of the opt-out requests received.

15. <u>Effect of Opt-Out.</u> If a timely and valid opt-out request is made by a person(s) in the Settlement Class, then the Agreement and any determinations and judgments concerning it will not bind the excluded person(s).

16. <u>Settlement Class Members</u> Bound. All Settlement Class Members will be bound by all determinations and judgments concerning the Agreement.

17. <u>Objections to the Settlement</u>. To object to the Settlement, Settlement Class Members must follow the directions in the Class Notice and file a written objection with the Court by the objection deadline. In order to be heard, the Settlement Class Member must make any objection in writing and file it with the Court not later than sixty (60) days following the date of

5

dissemination of the Class Notice. In order to be heard, the objection must also be mailed to each of the following, postmarked no later than the last day to file the objection: (a) Class Counsel – Joe P. Leniski, Jr., Branstetter, Stranch & Jennings, PLLC, 223 Rosa Parks Avenue, Suite 200, Nashville, Tennessee 37203; and (b) RePublic's Counsel – David R. Esquivel, BASS, BERRY & SIMS PLC, 150 Third Avenue South, Suite 2800, Nashville, TN 37201. In the written objection, the objector must set forth: (1) the name and case number of the Action; (2) the objector's full name, address and telephone number; (3) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (4) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel; (5) the identity of any counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (6) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (7) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (8) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (9) the objector's signature (an attorney's signature is not sufficient).

18. <u>Failure to Properly</u> Object. Any Settlement Class Member who fails to comply with Paragraph 18 (and as detailed in the Class Notice) will not be permitted to object to the Agreement at the Final Approval Hearing, will be foreclosed from seeking any review of the Agreement by appeal or other means, will be deemed to have waived his, her, or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All Settlement Class Members will be bound by all determinations and judgments in the Action,

whether favorable or unfavorable to the Settlement Class.

19. Stay of Other Proceedings. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

20. Injunction. Pending the final determination of whether the Settlement should be approved, the Class Representatives and all persons in the Settlement Class are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who requests to opt-out/exclude themselves from the settlement pursuant to Paragraphs 13 and 14 of this Order.

21. If Settlement Is Not Consummated. If the proposed settlement is not approved or consummated for any reason whatsoever, the proposed settlement and all proceedings in connection with the proposed settlement will be without prejudice to the right of the Released Parties or the Class Representatives to assert any right or position that could have been asserted

if the Settlement Agreement had never been reached or proposed to the Court, except insofar as the Settlement Agreement expressly provides to the contrary. In such an event, the Parties will return to the *status quo ante*. Should the final determination of whether the proposed settlement should be approved be withheld or not granted for any reason, or should the Settlement Agreement not become effective for any reason, the entire Settlement Amount, including any amounts advanced from the Settlement Amount in the Escrow Account for the costs of Class Notice and settlement administration but not yet spent, shall be returned to RePublic with all applicable interest. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent litigation of class certification issues.

22. <u>No Admission of Liability</u>. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, including, but not limited to, confirmatory discovery, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by the Released Parties, or the truth of any of the claims. Evidence relating to the Settlement Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Settlement Agreement, this Order, and the Final Approval Order.

23. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary

8

Case 3:16-cv-00043   Document 95-1   Filed 09/15/17   Page 9 of 11 PageID #: 2202

and do not materially alter the terms of the proposed settlement. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

24. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| _____<br><br>[15 calendar days after the date of this Order] | Deadline to Provide Class Notice |
| _____<br><br>[30 days before the Final Approval Hearing] | Deadline for filing of Motion for Final Approval and Plaintiffs' Motion for Attorneys' Fees and<br>Incentive Awards |
| _____<br><br>[60 days after the Settlement Notice Date, adjusted for the weekend] | Deadline to file objections or submit requests for opt-out/exclusion |
| _____<br><br>[14 days before the Final Approval Hearing] | Deadline for Parties to File the Following:<br><br>(1) List of persons who Made Timely and Proper Requests to Opt-Out/ Exclude;<br>(2) Proof of Class Notice; and<br>(3) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| _____<br><br>[90 days after the Settlement Notice Date] | Deadline for Settlement Class Members to Submit a Claim Form |
| _____<br>**At _____ a.m./p.m.** | Final Approval Hearing |

9

SO ORDERED.

Dated:_____    _____
                                       Hon. Waverly D. Crenshaw, Jr.
                                       United States District Court Judge